IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SANDRA SANDERS**                                                                                              **PLAINTIFF**

**V.**                                                                             **CAUSE NO. 3:20-CV-830-CWR-LGI**

**MISSISSIPPI DEPARTMENT OF**                                                              **DEFENDANT**
**REHABILITATION SERVICES**

## ORDER

Before the Court is the defendant's motion for summary judgment. Docket No. 39. On review, the motion will be denied.

I.     **Factual and Procedural History**

Sandra Sanders has worked for the Mississippi Department of Rehabilitation Services for more than 20 years. She has been a District Manager[1] since 2014.

In this case, Sanders alleges that in August 2019, she was denied a promotion to Director of Client Services. Sanders, who is black, contends that the job was given to Carol Elrod, a less-qualified white woman, without ever being posted or advertised.

Sanders exhausted her remedies with the EEOC and filed this lawsuit alleging race discrimination in violation of Title VII. After discovery, the defendant filed the present motion.

II.    **Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific

---

[1] For State Personnel purposes, a District Manager is also designated as Deputy Bureau Director II.

facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

### III. Discussion

The parties agree that the familiar *McDonnell Douglas* burden-shifting framework applies.

The defendant first argues that Sanders cannot make out her prima facie case because she did not apply for the position. Sanders' brief, however, points to decisions from nine circuit courts of appeal which, she says, hold that the application requirement is properly waived "when the employer does not maintain or follow a formal position and application process." Docket No. 46 at 6 (collecting authorities).

In this Circuit in particular, the appellate court has held that plaintiffs may state a prima facie case despite never applying for the position if "no such [job] notice was ever given, or if it was inadequately circulated." *Williams v. DeKalb Cty.*, 577 F.2d 248, 255 (5th Cir.), *on reh'g,* 582 F.2d 2 (5th Cir. 1978). The court reasoned that "[a] job notice which specifies no deadline provides too easy a means for covertly denying blacks an opportunity to be considered for promotions, for any such applicant could simply be told that the deadline had passed." *Id.*

Given this authority, Sanders cannot be held accountable for failing to apply for a position that was never open to applications. We will move on.

The analysis then goes to step two: whether the defendant has asserted a legitimate non-discriminatory reason for its action. Here, the thrust of the defendant's argument, as drawn from its opening brief, is that (1) the position "had not previously been nor required to have been posted for advertisement," Docket No. 40 at 7, and (2) Elrod was also qualified for the position. This meets the defendant's burden of production.

The analysis next shifts to step three: whether the plaintiff has evidence that that defendant's legitimate non-discriminatory reason was pretextual. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citations omitted).

Sanders presents two arguments for pretext. First, contrary to the defendant's representations, she says, past Director of Client Services' vacancies *have* been advertised. Second, Elrod's qualifications are unworthy of credence because, according to a 2012 investigation by the Mississippi Legislature's Joint Legislative Committee on Performance Evaluation and Expenditure Review ("PEER"), Elrod was determined unsuitable of management and then demoted in 2013.

The Court will consider these arguments in reverse order.

The allegations about a PEER investigation and demotion of Elrod can be adjudicated simply. There is no hard evidence of any such investigation, findings, or demotion. Though Lavonda Hart is the Director for the Office of Vocational Rehabilitation, her testimony about what she heard about the investigation is classic hearsay. *See* Docket No. 45-1 at 12. Meanwhile,

3

Sanders' assertion that Program Coordinator is a demotion because it "normally" pays less is speculation; it does not reflect personal knowledge of Elrod's change in pay, if any.[2] Because this assertion of pretext is not supported by competent summary judgment evidence, it cannot satisfy Sanders' burden at step three.

Sanders does, however, have evidence that the defendant's other reason for its action is unworthy of credence. She has pointed to the deposition testimony of Kenisha Black, a District Manager, who stated under oath that the Director of Client Services position was publicly advertised twice previously—in 2013 and 2015. *See* Docket No. 45-5 at 17.

The defendant pushes back on this testimony, asserting that Black "has never held the position and would have no personal knowledge of whether the position was advertised or not." Docket No. 49 at 3. As the deposition explains, though, Black did not need to be the Director of Client Services to see that the agency's open positions were "posted on MSPB, the Mississippi State Personnel Board" website. Docket No. 45-5 at 18. "Any staff member can receive a link to any posting that is listed statewide," she explained. *Id*. Crediting this testimony, as the Court must at this stage, casts doubt on the veracity of the defendant's legitimate non-discriminatory reason.[3]

Because there is a factual dispute as to pretext, the motion for summary judgment must be denied. The Supreme Court has explained why:

---

[2] That said, there is competent summary judgment evidence from Kenisha Black that Elrod's work resulted in "chaos" in Oxford, such that Elrod was asked "not to ever show up again at Haven House because of the disruption." Docket No. 45-5 at 8.

[3] The defendant says that state law does not *require* it to advertise the position, as the Executive Director has appointment authority, *see* Docket No. 40 at 7 (citing Miss. Code Ann. § 25-9-107(c)(xvi)), and that others were appointed. *Id*. While the current Executive Director was not aware if the position had been previously advertised, Docket No. 45-6 at 15, on this record, that does not suggest that it has never been advertised. The defendant also suggested that Black has credibility issues because she has her own lawsuit against it. Docket No. 49. Credibility is for the jury to assess. *See Wantou v. Wal-Mart Stores Texas, L.L.C.*, --- F.4th ---, 2022 WL 92810, at *10 (5th Cir. Jan. 10, 2022) ("the jury, alone, weighs evidence and determines credibility").

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000). Accordingly, this case will be set for trial.

### IV.     Conclusion

The motion for summary judgment is denied. The defendant's unopposed motion for an extension of time to file Exhibit A, Docket No. 43, is granted.

**SO ORDERED**, this the 14th day of February, 2022.

                                                    s/ Carlton W. Reeves
                                                    UNITED STATES DISTRICT JUDGE