# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

SANDRA SANDERS                                                                          PLAINTIFF

v.                                        CIVIL ACTION NO.: 3:20-CV-00830-CWR-LGI

MISSISSIPPI DEPARTMENT OF                                                         DEFENDANT
REHABILITATION SERVICES

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

COMES NOW the Plaintiff by and through counsel and serves this her Response to Defendant's Motion in Limine.

1. Defendant's Motion in Limine seeks to prevent any witness for testifying that Defendant had posted the position of Director of Client Services in the past. [Doc. 55].

2. Defendant first contends vaguely that Kenisha Black's testimony that she had physically seen prior postings by Defendant for the position is hearsay. Plaintiff is not sure how viewing a job posting hearsay, but even if it were it would be admissible as a statement of a party opponent.

3. Defendant second contends that the vague letter from Kelly Hardwick is definitive on the issue that no posting had been made by Defendant in the last ten years.

4. There are several problems with this argument.

5. First, this is not sworn testimony in contrast to Ms. Black's testimony which is sworn deposition testimony.

6. Second, even if it were sworn testimony, it lacks foundation. Ms. Hardwick does not explain how long the Mississippi State Personnel Board ("MSPB") keeps records of job postings, how those records are kept or how the agency searched for such records.
7. Third, MSPB not having a record of a posting is not definitive of anything other than that agency not having it at this point in time.
8. As Defendant and MSPB have pointed out several times, this position was a non-state service position that was not required to be posted by state law.
9. Since there are no rules on posting a non-state service position there is no limit on how it could have been posted without having to notify MSPB.
10. Defendant could have posted the position on a bulletin board at one of Defendant's offices, it could made an advertisement with an online employment agency, it could have placed it in a local newspaper, etc.
11. After discovery closed in the current case it was discovered that Defendant discarded relevant documents regarding performance issues with Carol Elrod in 2013. These are documents Defendant swore did not exist and claimed they had no knowledge about even though almost every management employee Plaintiff's counsel talked to had heard about the issue.
12. For this state agency who has clearly discarded relevant documents and swore they never existed to claim the Court should rely on another state agency's unsworn vague statements is simply not reasonable.

For these reasons the Defendant's Motion in Limine should be denied.

THIS the 19th day of August, 2022.

Respectfully submitted,

s/ Nick Norris
NICK NORRIS (MB# 101574)
LOUIS H. WATSON, JR. (MB# 9053)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
(601) 968-0000
Fax: (601) 968-0010
nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via ECF filing or by United States Mail with postage fully prepaid thereon to all counsel of record.

SO CERTIFIED, this the 19th day of August, 2022.

 s/ Nick Norris
NICK NORRIS